# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TODD YOUREN, individually; and KIM YOUREN, as parent and natural guardian of BAILEY CARSTEN, a minor,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No.: 2:14-cv-00117-JAD-VCF

**Order Denying Motion To Remand [Doc. 7]**

Plaintiffs' motion to remand presents this Court with a single question: When service is made on a statutory agent for service of process, does 28 U.S.C. § 1446's 30-day removal period begin to run upon receipt of the summons and complaint *by the agent* or upon its subsequent receipt *by the defendant*?  I adopt the approach of the overwhelming majority of courts considering this issue, hold that State Farm's 30-day removal period was triggered not when the Nevada Division of Insurance received service but when State Farm received it seven days later, and I deny the motion to remand.

**Background**

Plaintiffs Todd and Kim Youren sued their automobile insurance carrier State Farm Mutual Automobile Insurance Company in Nevada state court for failure to pay uninsured/underinsured benefits for a 2009 car accident.  Doc. 7 at 17.  They served State Farm through Nevada's Commissioner of the Division of Insurance ("DOI") as statutorily permitted by NRS § 680A.250.  The DOI received process on December 17, 2013, and dispatched it to State Farm via certified mail

on December 19, 2013. State Farm received the package on December 24, 2013, and removed the case to this Court 29 days later on January 23, 2014. Doc. 1.

Plaintiffs move to remand the case, arguing that State Farm's 30-day period for removal under 28 U.S.C. § 1446(b)(1) began to run when the DOI received service on December 17, 2013. Doc. 7. State Farm responds that the removal period was triggered not by service on its statutory agent for service of process but rather on the date the insurer itself received the summons and complaint. Doc. 10. The Court finds this motion appropriate for resolution without oral argument[1] and that State Farm's 30-day removal period commenced upon State Farm's—not the DOI's—receipt of service on December 24, 2013, making State Farm's removal 29 days later on January 23, 2014, timely.

**Discussion**

**A.    28 U.S.C. § 1446(b)(1)'s 30-day Removal Period**

Federal courts are courts of limited jurisdiction. When a case is removed to federal court from state court, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing" federal-court jurisdiction and the timeliness of removal rests on the removing defendant.[2] 28 U.S.C. § 1446(b)(1) gives a defendant 30 days "after the receipt by the defendant . . . or within thirty days after the service of summons upon the defendant" to remove a state court action to federal court.[3] Courts apply state law governing formal service of process when determining the time period for removal.[4] Nevada law requires all insurers to appoint the Nevada State Insurance Commissioner as their agent for service of legal process, and NRS § 680A.250 requires a party to serve process on an insurer defendant by serving the Commissioner.[5] The Commissioner then

---

[1]   L.R. 78-2.

[2]   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).

[3]   28 U.S.C. § 1446(b)(1).

[4]   *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).

[5]   NEV. REV. STAT. ANN. §§ 680A.250; 680A.260(1).

forwards the process to the insurer via certified mail.[6]

**B.     Triggering the Removal Period When Service is Made on a Statutory Agent**

Neither the Nevada Supreme Court nor the Ninth Circuit Court of Appeals has directly addressed the question of what triggers the 30-day removal period when service is effected on a statutory agent.  But one thing is clear: even if the trigger occurs some time before the insurer's actual receipt, the trigger would not be receipt by the Commissioner because Nevada's statutes authorizing this substituted service make it clear that this "[s]ervice of process is complete when the copy has been so mailed" by the DOI to the insurer, not when the Commissioner first receives service.[7]  Thus, Plaintiffs' argument that "the 30 days began to run from the date that the Division of Insurance was served on December 17, 2013," Doc. 7 at 4, is undermined by NRS § 680A.260(2). The question that remains is thus whether the 30-day period commences upon the DOI's mailing of process to the insurance company or upon the insurer's receipt of it.

Nearly 20 years ago in *Pilot Trading Company v. Hartford Ins. Group*,[8] Judge Reed answered this question under identical facts.  After a well-reasoned discussion that thoroughly evaluated statutory construction, case law, and public policy, he concluded "that the time for removal starts running (under the Nevada statutory agent law) at the time of actual receipt of the complaint" by the insurer, and he held, "[b]ecause Defendants filed their Notices of Removal 29 days after actual receipt of process, removal was timely."[9]  He reasoned that the plain language of the statute, particularly the phrase "within thirty days after the receipt by defendant," made it clear that actual receipt by the defendant, rather than its statutory agent, triggers the 30-day period.[10]  Judge Reed was persuaded by a Minnesota court's recognition in *Benson v. Bradley* that "[i]t is the defendant who must make the decision to remove, not the Commissioner . . . [i]f the [removal period] began

---

[6]     NEV. REV. STAT. ANN. § 680A.260(2).

[7]     *Id.*; *Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834, 835 (D. Nev. 1996).

[8]     946 F. Supp. at 835.

[9]     *Id.* at 839.

[10]    *Id.* at 836.

running when the Commissioner was served, the privilege of a defendant to remove could be easily curtailed or abrogated completely."[11]

He also noted that the core function of service is to supply notice that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.[12]  Removal is one such defense that requires fair notice.  If receipt by the statutory agent triggers the removal period before the defendant's actual receipt, the time period for removal would not be a full 30 days; rather it would be left to the "vagaries of postal delivery."[13]  Judge Reed also considered legislative history that indicates "the purpose of linking actual possession of a copy of the pleading and timeliness of removal was to avoid burdening defendants with having to guess whether removal is appropriate."[14]

The *Pilot Trading Company* ruling is consistent with the conclusions reached by most courts that have been faced with the question of when the removal period begins in statutory-agent service cases.[15]  These courts have reasoned that conditioning a defendant's removal right on the actions of an agent who the defendant did not choose would place the defendant at the mercy of the diligence of the agent and the postal service.[16]  Thus, the majority of district courts addressing this issue have held that when service is effected on a statutory agent, as opposed to an agent selected by the defendant, the removal period does not commence until the defendant has actually received service.[17]

---

[11]   *Id.* at 838 (quoting *Benson v. Bradley*, 223 F. Supp. 669, 673 (D. Minn.1963).

[12]   *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 672 (1996)).

[13]   *Id.* at 839.

[14]   *Id.*

[15]   *Ackerman v. PNC Pank*, 2012 WL 3292889 *2 (D. Minn. Aug. 13, 2012) ("The majority of courts to consider" when the removal period begins to run in cases where service is made on a statutory agent have held that the 30-day period "for removal commences when the defendant receives the summons and complaint.").

[16]   *Id.*; *Renaissance Marketing, Inc. v. Monitronics Intern., Inc.*, 606 F. Supp. 2d 201, 206 (D. P. R. 2009).

[17]   *See, e.g.*, *Ackerman*, 2012 WL 3292889 *2; *Renaissance Marketing*, 600 F. Supp. 2d at 206; *Tucci v. Hartford Financial Services Group,* Inc., 600 F. Supp. 2d 630, 634 (D. N.J. 2009); *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002); *Hibernia Community Dev. Corp., Inc. v. U.S.E. Community Services Group, Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001) (holding that the 30-

This conclusion is supported by the Supreme Court's general acknowledgment in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*[18] of Congress's intent to ensure that defendants know they are the subject of a suit before the removal period begins. It is also consistent with the Nevada Supreme Court's recognition in *Transamerica Insurance Co. v. C.B. Concrete Company*[19] that "service of process properly forwarded by the commissioner of insurance may be sufficient to initiate legal proceedings against the insurer," but service on that statutory agent "by itself does not 'notify' the insurer of the claim until the forwarded process is received."

I agree with Judge Reed's conclusion in *Pilot Trading Company* and the majority of courts to have considered the issue that when service is made through a statutorily designated agent for service of process like Nevada's Commissioner of Insurance, 28 U.S.C. § 1446's 30-day removal period begins to run upon the defendant's actual receipt of service. As State Farm removed this case on the 29th day after its actual receipt of service, its removal was timely.

**Conclusion**

Accordingly, it is HEREBY ORDERED that Plaintiffs' motion to remand to state court **(Doc. 7) is DENIED**.

DATED: June 18, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

day period began to run when defendant actually received the plaintiff's petition); *Auguste v. Nationwide Mut. Ins. Co.*, 90 F. Supp.2d 231, 232 (E.D.N.Y. 2000) (holding that mere service of process on a statutory agent will not start the 30-day removal period); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (holding that when service of process is made on a statutory agent, the 30-day removal period begins only once the defendant actually received the process); *Wilbert v. Unum Life Ins., Co.*, 981 F. Supp. 61, 63 (D.R.I. 1997) (noting that the clock for removal begins once the defendant receives actual notice of the service from the statutory agent); *Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (noting that receipt of the pleading by the *defendant,* rather than the statutory agent, starts the time for removal).

[18]   526 U.S. 344, 351-52 (1999).

[19]   669 P.2d 246, 247 (Nev. 1983).