ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 003062
Email: Robert.Freeman@lewisbrisbois.com
PAMELA L. MCGAHA, ESQ.
Nevada Bar No. 008181
Email: Pamela.McGaha@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TODD YOUREN, individually; and KIM YOUREN, as parent and natural guardian of BAILEY CARSTEN, a minor, | CASE NO. 2:14-cv-0117-JAD-VCF |
| | **STIPULATION AND ORDER TO EXTEND DISCOVERY** |
| Plaintiff, | **(Fourth Request)** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case for ninety (90) days, up to and including Friday, September 14, 2015.

In addition, the parties request that the expert disclosures, rebuttal expert disclosures, dispositive motions and pretrial order be extended in accordance with the discovery extension as outlined herein. In support of this Stipulation and Request, the parties state as follows:

4843-9474-9475.1

DISCOVERY COMPLETED TO DATE:

On January 23, 2014, Defendant removed the instant action to Federal Court.

On January 23, 2014, Defendant filed its Answer to Plaintiffs' First Amended Complaint with Federal Court.

On January 23, 2014, Defendant filed its Certificate Required By Local Rule 10-6.

A Motion to Remand filed by Plaintiff on January 31, 2014.

On February 7, Defendant served Plaintiff with the Minute Order in  Chambers dated January 23, 2014.

On February 7, 2014, Defendant filed its Statement Regarding Removal.

On February 7, 2014, Defendant filed an Opposition to Plaintiff's Motion to Remand.

On February 25, 2014, the parties filed a Joint Status Report Regarding Removal.

On March 25, 2014, the parties prepared and the Court entered a Stipulated Discovery Plan and Scheduling Order.

On March 10, 2014, Plaintiffs served their initial list of documents and witnesses on Defendant.

On March 31, 2014, Plaintiff Kim Youren, as parent and natural guardian of BAILEY CARSTEN, a minor, served Interrogatories and Request for Production of Documents on Defendant.

On March 31, 2014, Plaintiff Todd Youren served Interrogatories and Request for Production of Documents on Defendant.

On April 8, 2014, Defendant served its initial list of documents and witnesses on Plaintiff.

On April 9, 2014, Defendant served Interrogatories and Request for Production of Documents on Plaintiff Kim Youren, as parent and natural guardian of BAILEY CARSTEN, a minor.

On April 9, 2014, Defendant served Interrogatories and Request for Production of Documents on Plaintiff Todd Youren.

1    On May 14, 2014, Plaintiff Kim Youren, as parent and natural guardian of BAILEY
2   CARSTEN, a minor, served responses to Defendant's Interrogatories and Request for
3   Production of Documents

4    On May 14, 2014, Plaintiff Todd Youren, served responses to Defendant's
5   Interrogatories and Request for Production of Documents

6    On May 15, 2014, Plaintiffs served their first supplement to their list of documents
7   and witnesses on Defendant.

8    On May 19, 2014, Defendant served its first supplement to its initial list of
9   documents and witnesses on Plaintiff.

10    On May 19, 2014, Defendant served its responses to Interrogatories and Request
11   for Production of Documents served by Plaintiff Kim Youren, as parent and natural
12   guardian of BAILEY CARSTEN, a minor.

13    On May 19, 2014, Defendant served its responses to Interrogatories and Request
14   for Production of Documents served by Plaintiff Todd Youren.

15    On June 18, 2014, this Court issued its Order Denying Plaintiff's Motion to
16   Remand.

17    On June 26, 2014, Defendant filed it's Motion to Extend Discovery Deadlines.

18    On August 11, 2014, this Court issued its Order extending the Discovery
19   deadlines.

20    On September 25, 2014, Defendant took the deposition of Plaintiff Todd Youren,
21   wherein he identified recent medical treatment in Colorado, of which neither counsel for
22   Plaintiffs nor counsel for Defendant was aware.

23    On October 2, 2014, the Court issued its Order extending the Discovery Deadlines.

24    On October 10, 2014, Defendant took the depositions of Kim Youren and Bailey
25   Carsten.

26    On October 30, 2014, Plaintiff Todd Youren provided his Third Supplement to
27   Initial FRCP 26.1 Disclosures identifying the names of multiple new medical providers he
28   treated with in Colorado.

1  On October 30, 2014, Plaintiff Todd Youren provided his second supplemental

2  answers to Defendant's interrogatories.

3  On December 11, 2014, Plaintiffs noticed the deposition of Howard Brong for

4  December 29, 2014, and noticed the deposition of Person Most Knowledgeable for State

5  Farm for January 13, 2015.

6  On March 24, 2015, Plaintiffs noticed the deposition of Howard Brong for May 8,

7  2015, and noticed the deposition of Person Most Knowledgeable for State Farm for May

8  7, 2015.

9  On April 13, 2015, Plaintiff Todd Youren provided Defendant with a list of his prior

10  medical providers, his medical providers in Colorado, Idaho and Arizona along with a

11  HIPPA authorization which allows Defendant to independently obtain the new medical

12  records.

13  **DISCOVERY REMAINING**

14  The parties must conduct the following discovery:

15  Plaintiffs continue to gather medical records related to newly disclosed medical

16  treatment obtained by Plaintiff Todd Youren in Colorado.

17

18  Defendant will obtain the pertinent medical records, educational records and other

19  documentation, necessary to continue to investigate Plaintiffs' claims.   Plaintiff Todd

20  Youren mistakenly believed a medical authorization had been previously provided to

21  Defendant which would have allowed Defendant the ability to obtain records from the

22  newly disclosed medical providers.   Upon notification by Defendant that it had not

23  received the appropriate medical authorization, Plaintiff Todd Youren provided Defendant

24  a HIPPA compliant authorization on April 13, 2015, accompanied by the names and

25  addresses of his chiropractor, general practitioner, orthopedic surgeon and a pain

26  management specialist in Colorado, along with other medical providers in Arizona and

27  Idaho.   Thus, additional time will be necessary for the parties to obtain the medical

28  records and bills related to Plaintiff Youren's recent medical treatment from these out of

1   state providers;

2       Defendant is in the process of scheduling the depositions of Plaintiffs' medical

3   providers now that Defendant has a medical authorization which allows Defendant to

4   obtain all of Plaintiff Todd Youren's medical records.  The depositions include, but may

5   not be limited to, the following:   Jason Jaegar, DC; Dr. Miciano, Dr. Bazemore, MD;

6   psychologist Daniel Shiode; Dr. William Smith; Dr. Russell Shah; social worker Karie

7   Lindsay,     Dr.     Mortillaro;     Person     Most     Knowledgeable     for     the     Peavey

8   PsychoNeuroPlasticity Center; and possibly Dr. William Orrison.  Defendant will likely

9   need to take the depositions of the four (4) medical treating providers who reside in

10  Colorado, but those depositions will require travel to Colorado.  Thus, completing the

11  depositions of all known medical providers requires an extension of the current discovery

12  deadline;

13      Plaintiffs and Defendant require an opportunity to review the medical records of

14  Plaintiff Todd Youren's recently disclosed medical providers in Colorado, in order to

15  determine whether the nature of the treatment requires additional expert opinion for this

16  case.  It is unknown whether the medical records include any medical recommendations

17  for future medical treatment such as injections or spine surgery, thus, an extension to the

18  current expert deadlines is necessary to allow both parties an opportunity to retain any

19  additional experts if appropriate.

20      Defendant will take the deposition of any expert designated by Plaintiffs; however,

21  meaningful depositions will need to be scheduled after the parties obtain a complete copy

22  of all of Plaintiff Todd Youren's medical records from the Colorado medical providers.

23  Additionally, additional time is necessary to afford Defendant an opportunity to complete

24  the depositions of the State Farm employees so Plaintiffs' claims handling expert can be

25  fully informed and prepared to offer opinions at the time of deposition;

26      Plaintiffs have noticed the deposition of Defendant's claim representative, Howard

27  Brong and the Rule 30(b)(6) witness on behalf of Defendant.  Counsel for the parties

28  have conferred regarding the scope of the Rule 30(b)(6) deposition; however, it is likely

the deposition will require multiple deponents to address the various deposition topics because there are 45 topics contained within the deposition notice. The parties are in the process of scheduling these depositions; however, the depositions will likely require travel outside of Nevada, so additional discovery time is necessary to complete these depositions;

Plaintiffs are anticipated to take the depositions of the Defendant's designated expert witnesses; however, additional time is necessary to afford Plaintiffs an opportunity to complete the depositions of the State Farm employees so Defendant's claims handling expert can be fully informed and prepared to offer opinions at the time of deposition;

The parties will take the depositions of any and all other witnesses garnered through discovery.

This recitation of discovery to be completed is not intended to be limiting, but it is set forth to advise the Court of remaining discovery.

WHY SUCH REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extension.

The parties agree that, pending this Court's approval, extension of remaining discovery deadlines is appropriate. On September 25, 2014, Plaintiff Todd Youren disclosed for the first time, multiple additional medical providers he has seen since moving to Colorado approximately one year ago. Plaintiff testified that he believes one of his doctors in Colorado advised him he may require a lumbar spine surgery at some point in the future. Plaintiff did not disclose in his responses to Defendant's written discovery, any medical treatment and/or medical providers of which Defendant was not already aware. Some of Plaintiff's additional medical treatment was obtained after Plaintiff provided his responses to Defendant's written discovery. Plaintiff's attorney was also unaware of this additional treatment until the date of Plaintiff's deposition, and has required additional time to gather the additional medical records and bills.

1    Counsel for Todd Youren has been in the process of gathering all the newly
2  disclosed medical records, but has yet to obtain a complete copy of all the records.
3  Defendant was not able to independently request any of the medical records because it
4  was not provided with a HIPPA compliant medical authorization until April 13, 2015, due
5  to a misunderstanding that Plaintiffs had already provided the requisite authorization.
6  Thus, Defendant needs sufficient time to independently obtain the newly disclosed
7  medical records and determine if any additional experts are necessary.

8    This is a complex case, involving two Plaintiffs with multiple causes of action
9  against the Defendant.  Each Plaintiff claims personal injuries as a result of an automobile
10  accident.  Plaintiff Bailey Carsten claims to have sustained a brain shearing injury which
11  has negatively impacted her physically, mentally and emotionally.  The Plaintiffs also
12  allege bad faith causes of action against State Farm which require considerable
13  discovery.

14    To complicate matters further, Plaintiffs' counsel left his prior employment at the
15  Richard Harris Law Firm at the beginning of 2015, and recently opened his own law firm,
16  Cloward Hicks & Brasier which has required considerable time and attention towards
17  administrative tasks to get the office up and running.  This has resulted in some delay in
18  being able to obtain Plaintiff Youren's medical records and to complete discovery for this
19  matter.  Thus, the parties request additional time in which to complete discovery so this
20  matter can be heard on its merits.

21    Defendant and Plaintiffs will need to gather these records and submit the new
22  records to their respective medical experts for review.  Depending upon the information
23  contained within the new medical records (especially if there is a surgical
24  recommendation) it may be necessary for the parties to designate additional expert
25  witnesses; therefore, additional time is necessary to allow the parties sufficient time to
26  designate expert witnesses.  Thus, the parties request an extension to the current expert
27  deadlines, so the parties have sufficient time to conduct discovery into the newly
28  disclosed medical providers for Todd Youren, prior to the deadline to designate experts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties agree that it is not feasible to complete the tasks necessary to obtain timely expert reports or to complete other time-sensitive discovery tasks in the amount of time currently allotted.

CURRENT AND PROPOSED DISCOVERY DEADLINES

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | June 12, 2015 | September 14, 2015 |
| Expert Disclosure pursuant to Fed R. Civ. P. 26 (a)(2) | April 13, 2015 | July 13, 2015 |
| Rebuttal Expert Disclosure pursuant to Fed. R. Civ. P. 26(a)(2) | May 13, 2015 | August 13, 2015 |
| Dispositive Motions | July 13, 2015 | October 14, 2015, or at least thirty (30) days after the close of discovery |
| Joint Pretrial Order | August 13, 2015 | November 13, 2015, or at least thirty (30) days after the decision of last Dispositive Motions |

This is the fourth request for extension of time in this matter.  This request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery in this case and adequately prepare their respective cases for trial. The parties respectfully submit that the reasons set forth above constitute compelling reasons for the extension.

…

…

…

…

…

…

CHZ IV
EULVER IV
EWJ DDUG
) VP 14K 00S
DN68 UQ KV DK00.2

4843-9474-9475.1

8

1   WHEREFORE, the parties respectfully request that this Court extend the discovery

2   period as outlined in the table above.

3   Dated this 21st day of April, 2015.           Dated this 21st day of April, 2015.

4   LEWIS BRISBOIS BISGAARD & SMITH LLP          CLOWARD HICKS & BRASIER, PLLC

5
    /s/ Pamela L. McGaha                         /s Benjamin P. Cloward
6   Robert W. Freeman, Jr., Esq.                 Benjamin P. Cloward, Esq.
    Nevada Bar No. 3062                          Nevada Bar No. 11087
7   PAMELA L. MCGAHA, ESQ.                       801 South Fourth Street
    Nevada Bar No. 008181                        Las Vegas, Nevada 89101
8   1060 Wigwam Parkway                          *Attorneys for Plaintiffs*
    Henderson, Nevada 89074
9   *Attorneys for Defendant*

10

11                              **ORDER**

12   IT IS SO ORDERED.

13   Dated this 22nd day of April, 2015.

14   _____

15              U.S. MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28